IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAPTEC FINANCIAL GROUP, INC., <br> 24 Frank Lloyd Wright Dr. <br> Lobby 1, 4th Floor <br> Ann Arbor, Michigan 48106, <br><br> Plaintiff, <br><br> vs. <br><br> BAGGA ENTERPRISES, INC., <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> JAMUNA REAL ESTATE, LLC, <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> UNITED MANAGEMENT SERVICES, INC., <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> -and- <br><br> WELCOME GROUP, INC. <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No.  |

## COMPLAINT

Plaintiff, Captec Financial Group, Inc., as sub-servicer and on behalf of Captec Franchise Trust 1999-1, by and through its undersigned attorneys, files this Complaint against defendants, Bagga Enterprises, Inc., Jamuna Real Estate LLC, United Management Services, Inc., and Welcome Group, Inc., and alleges as follows:

## THE PARTIES

1. Plaintiff Captec Financial Group, Inc. ("Captec Financial Group") is a Michigan corporation with its principal place of business at 24 Frank Lloyd Wright Drive, Lobby L, 4th Floor, Ann Arbor, Michigan.

2. Defendant Bagga Enterprises, Inc. ("Bagga Enterprises"), is a Pennsylvania corporation with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

3. Defendant Jamuna Real Estate, LLC ("Jamuna"), is a Pennsylvania limited liability company with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

4. Defendant United Management Services, Inc. ("United Management"), is a Pennsylvania corporation with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

5. Defendant Welcome Group, Inc. ("Welcome Group"), is a Pennsylvania corporation with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. §1332(a), as this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7. Jurisdiction is proper in the Commonwealth of Pennsylvania as each of the defendants is a citizen of the Commonwealth of Pennsylvania.

8. Venue is proper in this district under 28 U.S.C. §1391(a) in that the defendants reside in this district, and a substantial part of the acts and occurrences that are the subject of this Complaint occurred within this district.

## COUNT I
### Against Bagga Enterprises, Inc.
### Monetary Damages – The $270,000 Promissory Note

9. Plaintiff incorporates by reference Paragraphs 1 through 8 of this Complaint as if set forth fully herein.

10. On or about August 28, 1998, Captec Financial Group loaned $270,000.00 to Bagga Enterprises (the "7764 Loan").

11. In exchange for Captec Financial Group having loaned $270,000.00 to Bagga Enterprises, Bagga Enterprises executed and delivered to Captec Financial Group a secured promissory note (the "7764 Note") setting forth the terms and conditions governing the loan. A true and correct copy of the 7764 Note is attached hereto as Exhibit "A."

12. On or about December 24, 1998, Captec Financial Group and Bagga Enterprises entered into an amendment amending the terms of the 7764 Note (the "7764 Amendment"). A true and correct copy of the 7764 Amendment is attached hereto as Exhibit "B."

13. Under the 7764 Note as amended, Bagga Enterprises was obligated to pay Captec Financial Group the principal sum of $269,898.50 and interest on outstanding principal at the relevant contract rate.

14. Under the 7764 Note, as amended, Bagga Enterprises was obligated to pay Captec Financial Group eighty-four (84) monthly payments of $4,441.68, commencing on March

1, 1998, and on the first day of each consecutive month to October 1, 2005, being the Due Date specified in the 7764 Note, as amended.

15. Captec Financial Group subsequently transferred the 7764 Note, as amended, by allonge, to Captec Franchise Trust 1999-1.

16. Captec Franchise Trust 1999-1 is the holder of the 7764 Note.

17. Captec Financial Group is the sub-servicer of the 7764 Note, and has the authority to bring this action on behalf of the holder of the Note.

18. Bagga Enterprises made the first twenty-six payments on the 7764 Loan, in accordance with its obligations under the 7764 Note, as amended.

19. Since making the first twenty-six payments, Bagga Enterprises has not made any payment on the 7764 Loan.

20. Bagga Enterprises' failure to make timely payments under the 7764 Loan constituted an Event of Default which, in accordance with the 7764 Note, as amended, entitled the holder of the 7764 Note, as amended, to declare all of the indebtedness immediately due and payable; *i.e.*, to accelerate the loan.

21. Under the terms of the 7764 Note, as amended, upon the occurrence of the Event of Default, detailed above, the interest rate on the outstanding principal increased from the Stated Rate (9.72%) to the Default Rate (12.72%).

22. On or about May 14, 2001, Captec Financial Group, as sub-servicer of the Loan, issued a default letter to Bagga Enterprises, advising Bagga Enterprises that its failure to make timely payments under the 7764 Loan constituted an Event of Default under the 7764 Note, as amended.

23. Bagga Enterprises is obligated under the 7764 Note, as amended, to pay the holder of the 7764 Note, interest retroactively at the default rate from the date of the first default under the 7764 Note, as amended. The earliest default of which plaintiff is aware occurred no later than April 1, 2001.

24. Bagga Enterprises currently owes the holder of the 7764 Note, $204,914.31 in unpaid principal on the 7764 Note, as amended.

25. Bagga Enterprises currently owes the holder of the 7764 Note, interest on the 7764 Note, as amended, as follows:

| Time Period | Interest Rate | Per Diem Interest | Total Interest |
| --- | --- | --- | --- |
| April 2, 2001 through May 14, 2001 | 9.72% | $55.33 | $2,379.19 |
| From May 15, 2001 and Continuing | 12.72% | $72.40 | Continuing |

26. Pursuant to the 7764 Note, as amended, Bagga Enterprises is also liable to the holder of the 7764 Note, for all costs and expenses incurred by the holder of the 7764 Note, in enforcing its rights under the 7764 Note, as amended, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

27. All conditions precedent to the holder of the 7764 Note's, right to receive the above sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as sub-servicer of the 7764 Note, as amended, demands judgment against Bagga Enterprises in the amount of $207,293.50, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $72.40 per diem from that date forward, plus reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

## COUNT II
### Against Jamuna Real Estate, LLC, United Management Services, Inc., and Welcome Group, Inc.
### Guaranties of the 7764 Note

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as if set forth fully herein.

29.     On or about August 28, 1998, defendants Jamuna, United Management, and Welcome Group executed and delivered to Captec Financial Group Guaranties in which they guaranteed, absolutely and unconditionally, the performance of Bagga Enterprises' obligations to Captec Financial Group under the 7764 Note. True and correct copies of the Guaranties are attached hereto as Exhibits "C," "D," and "E."

30.     By reason of Bagga Enterprises' default and pursuant to the Guaranties, defendants Jamuna, United Management, and Welcome Group are obligated to pay the holder of the 7764 Note $207,293.50, representing the principal and interest due and owing under the 7764 Note, as amended, as of May 14, 2001, plus interest at the rate of 12.72% per annum from that date forward on the outstanding principal balance of $204,914.31.

31.     Defendants Jamuna, United Management, and Welcome Group have failed to pay the holder of the 7764 Note, the amounts due and owing.

32.     Pursuant to the Guaranties, defendants Jamuna, United Management, and Welcome Group are liable to the holder of the 7764 Note, for all costs and expenses incurred by the holder of the 7764 Note, in enforcing its rights under the 7764 Note, as amended, and the Guaranties, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

33.     All conditions precedent to the holder of the 7764 Note's, right to receive such sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as sub-servicer of the 7764 Note, as amended, demands judgment against Jamuna, United Management, and Welcome Group in the amount of $207,293.50, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $72.40 per diem from that date forward, plus reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

## COUNT III
### Against Bagga Enterprises – Injunctive Relief
### Collateral Security for 7764 Note and Guaranties

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as if set forth fully herein.

35. On or about August 28, 1998, Captec Financial Group and Bagga Enterprises executed a Progress Payment Security Agreement under which Bagga Enterprises granted to Captec Financial Group a security interest in certain collateral to secure the obligations owed Captec Financial Group under the 7764 Note, and related Guaranties (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as Exhibit "F."

36. Pursuant to the Security Agreement, Bagga Enterprises granted a security interest to Captec Financial Group in the following collateral:

> All machinery, equipment, furniture, fixtures, decorations, tools, signs, small wares and all other items of tangible personal property, the funds for which were provided by Secured Party pursuant to this Agreement, and all parts, accessories, attachments, additions, accessions or replacements thereto or proceeds therefrom, including, without limit, rights to payment and return premiums and insurance proceeds under insurance policies with respect to any of the foregoing now or in the future installed in, affixed to or used in the operation or ownership of Debtor's facility located at 3300 N 10TH STREET, PLAZA DEL NORTE, MCALLEN, TX 78502 . . .

37. Captec Financial Group has assigned all of its right, title, and interest in the Security Agreement, to Captec Franchise Trust 1999-1.

38. Captec Franchise Trust 1999-1 is the secured party.

39. Captec Financial Group is the sub-servicer of the secured party and has the authority to bring this action on its behalf.

40. As set forth in the preceding paragraphs, the 7764 Note, as amended, and the Guaranties are in default.

41. As a result of those defaults, the secured party has an immediate right to possession of the collateral described above and has made demand on Bagga Enterprises to turn over all such collateral to the secured party.

42. Based on the prior conduct of Bagga Enterprises, plaintiff believes and therefore avers that Bagga Enterprises will interfere with its recovery of the collateral.

43. The loss of the collateral will cause the secured party irreparable harm, and the secured party has no adequate remedy at law to prevent such harm.

44. There is a substantial likelihood that plaintiff will succeed on the merits of this action.

45. Under the 7764 Note, as amended, Bagga Enterprises is also liable to the holder of the 7764 Note, for all costs and expenses incurred by the holder of the 7764 Note, in enforcing its rights under the Security Agreement, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

WHEREFORE, plaintiff Captec Financial Group, as sub-servicer of the secured party, respectfully requests that Bagga Enterprises be preliminarily and permanently enjoined from conveying, assigning, or otherwise dissipating the collateral covered by the Security

Agreement, and that the Court order Bagga Enterprises to cooperate fully with plaintiff to recover such collateral, and further, to pay all reasonable attorneys' fees and expenses, and court costs.

### COUNT IV
### Against Jamuna Real Estate, LLC
### Monetary Damages – The $830,000 Promissory Note

46. Plaintiff incorporates by reference Paragraphs 1 through 45 of this Complaint as if set forth fully herein.

47. On or about August 20, 1998, plaintiff Captec Financial Group Funding Corporation ("Captec Funding"), loaned $830,000.00 to Jamuna (the "7763 Loan").

48. In exchange for Captec Funding having loaned $830,000.00 to Jamuna, Jamuna executed and delivered to Captec Funding a promissory note (the "7763 Note") setting forth the terms and conditions governing the loan. A true and correct copy of the 7763 Note is attached hereto as Exhibit "G."

49. On or about January 4, 1999, Captec Funding and Bagga Enterprises entered into a letter amendment amending the terms of the 7763 Note (the "7763 Amendment"). A true and correct copy of the 7763 Amendment is attached hereto as Exhibit "H."

50. Under the 7763 Note, as amended, Jamuna was obligated to pay Captec Funding the principal sum of $830,000.00 and interest on outstanding principal at the relevant contract rate.

51. Under the 7763 Note, as amended, Jamuna was obligated to pay Captec Funding one hundred eighty (180) monthly payments of $8,418.41, commencing on March 1, 1999, and on the first day of each consecutive month to February 1, 2014, being the Due Date specified in the 7763 Note, as amended.

52. Captec Funding subsequently transferred the 7763 Note, as amended, by allonge, to plaintiff Captec Franchise Trust 1999-1.

53. Captec Franchise Trust 1999-1 is the holder of the 7763 Note.

54. Captec Financial Group is the sub-servicer of the 7763 Note, and has the authority to bring this action on behalf of the holder of the Note.

55. Jamuna made the first twenty-six payments on the 7763 Loan, in accordance with its obligations under the 7763 Note, as amended.

56. Since making the first twenty-six payments, Jamuna has not made any payment on the 7763 Loan.

57. Bagga Enterprises' failure to make timely payments under the 7763 Loan constituted an Event of Default which, in accordance with the 7763 Note, as amended, entitled the holder of the 7763 Note, to declare all of the indebtedness immediately due and payable; *i.e.*, to accelerate the loan.

58. Under the terms of the 7763 Note, as amended, upon the occurrence of the Event of Default, detailed above, the interest rate on the outstanding principal increased from the Stated Rate (9.00%) to the Default Rate (12.00%).

59. On or about May 14, 2001, Captec Financial Group, as sub-servicer of the Loan, issued a default letter to Jamuna, advising Jamuna that its failure to make timely payments under the 7763 Loan constituted an Event of Default under the 7763 Note, as amended.

60. Jamuna is obligated under the 7763 Note, as amended, to pay the holder of the 7763 Note, interest retroactively at the default rate from the date of the first default under the 7763 Note, as amended. The earliest default of which plaintiff is aware occurred no later than April 1, 2001.

61.    Bagga Enterprises currently owes the holder of the 7763 Note, $767,289.73 in unpaid principal on the 7763 Note, as amended.

62.    Jamuna currently owes the holder of the 7763 Note, interest on the 7763 Note, as amended, as follows:

| Time Period | Interest Rate | Per Diem Interest | Total Interest |
|---|---|---|---|
| April 2, 2001 through May 14, 2001 | 9.00% | $191.82 | $8,248.26 |
| From May 15, 2001 and Continuing | 12.00% | $255.76 | Continuing |

63.    Pursuant to the 7763 Note, as amended, Jamuna is also liable to the holder of the 7763 Note, for all costs and expenses incurred the holder of the 7763 Note, in enforcing its rights under the 7763 Note, as amended, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

64.    All conditions precedent the holder of the 7763 Note's, right to receive the above sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as sub-servicer of the 7763 Note, as amended, demands judgment against Jamuna in the amount of $775,537.99, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $255.76 per diem from that date forward, plus reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

### COUNT V
### Against Bagga Enterprises, United Management Services, Inc., and Welcome Group, Inc.
### Guaranties of the 7763 Note

65.    Plaintiff incorporates by reference paragraphs 1 through 64 of this Complaint as if set forth fully herein.

66. On or about August 20, 1998, defendants Bagga Enterprises, United Management, and Welcome Group executed and delivered to Captec Funding Guaranties in which they guaranteed, absolutely and unconditionally, the performance of Jamuna's obligations to Captec Funding under the 7763 Note. True and correct copies of the Guaranties are attached hereto as Exhibits "I," "J," and "K."

67. By reason of Jamuna's default and pursuant to the Guaranties, defendants Bagga Enterprises, United Management, and Welcome Group are obligated to pay the holder of the 7763 Note, $775,537.99, representing the principal and interest due and owing under the 7763 Note, as amended, as of May 14, 2001, plus interest at the rate of 12.00% per annum from that date forward on the outstanding principal balance of $ 767,289.73.

68. Defendants Bagga Enterprises, United Management, and Welcome Group have failed to pay the holder of the 7763 Note, the amounts due and owing.

69. Pursuant to the Guaranties, defendants Bagga Enterprises, United Management, and Welcome Group are liable to the holder of the 7763 Note, for all costs and expenses incurred by the holder of the 7763 Note, in enforcing its rights under the 7763 Note, as amended, and the Guaranties, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

70. All conditions precedent to the holder of the 7763 Note's, right to receive such sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as sub-servicer of the 7763 Note, as amended, demands judgment against Bagga Enterprises, United Management, and Welcome Group in the amount of $775,537.99, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $255.76 per diem from that date forward, plus

reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

## COUNT VI
### Against Jamuna – Injunctive Relief
### Collateral Security for 7763 Note and Guaranties

71. Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint as if set forth fully herein.

72. On or about August 20, 1998, Captec Funding and Jamuna executed a Deed of Trust and Assignment of Leases and Rents, under which Jamuna deeded to Captec Funding certain property (the "Deeded Property") as a security interest to secure the obligations owed Captec Funding under the 7763 Note, and related Guaranties (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit "L."

73. Pursuant to the Deed of Trust, Jamuna granted the Deeded Property to Captec Funding, in order to

> secure payment in the sum of . . . ($830,000.00), together with interest, costs and all other sums, to be paid according to that certain Promissory Note [*i.e.*, the 7763 Note], by Trustor [Jamuna] to Beneficiary [Captec Funding], together with any and all extensions, renewals, modifications, substitutions or replacements thereof [...].

74. Under the Deed of Trust, the Deeded Property included all of Jamuna's "right, title and interest" in the real estate described on Schedule A attached to the Deed of Trust (the "Real Estate") as well as all equipment, fixtures, accounts, general intangibles, and other property located on or appertaining to the Real Estate.

75. Under the Deed of Trust, Jamuna also assigned all of its interest in rents and leases associated with the Real Estate to Captec Funding as additional security for the 7763 Loan.

76. Captec Funding has assigned all of its right, title, and interest in the Deed of Trust to Captec Franchise Trust 1999-1.

77. Captec Franchise Trust 1999-1 is the secured party.

78. Captec Financial Group is the sub-servicer of the secured party and has the authority to bring this action on its behalf.

79. As set forth in the preceding paragraphs, the 7763 Note, as amended, and the Guaranties are in default.

80. The defaults on the 7763 Note, as amended, and the Guaranties constitute an Event of Default under the Deed of Trust.

81. As a result of the Event of Default under the Deed of Trust, the secured party has an immediate right to possession of the collateral described above.

82. Based on the prior conduct of Jamuna, plaintiff believes and therefore avers that Jamuna will interfere with its recovery of the collateral.

83. The loss of the collateral will cause the secured party irreparable harm, and the secured party has no adequate remedy at law to prevent such harm.

84. There is a substantial likelihood that plaintiff will succeed on the merits of this action.

85. Under the 7763 Note, as amended, Jamuna is also liable to the holder of the 7763 Note, for all costs and expenses incurred by the holder of the 7763 Note, in enforcing its rights under the Deed of Trust, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

WHEREFORE, plaintiff Captec Financial Group, as sub-servicer of the secured party, respectfully requests that Jamuna be preliminarily and permanently enjoined from

conveying, assigning, or otherwise dissipating the collateral covered by the Deed of Trust and that the Court order Jamuna to cooperate fully with plaintiff to recover such collateral, and further, to pay all reasonable attorneys' fees and expenses, and court costs.

## COUNT VII
### Against Jamuna – Injunctive Relief
### To Enjoin Sale of Assets and for Accounting

86. Plaintiff incorporates by reference paragraphs 1 through 85 of this Complaint as if set forth fully herein.

87. Because of Bagga Enterprises' and Jamuna's defaults in the payment of the 7764 Note, as amended, and the 7763 Note, as amended, plaintiff has placed the 7764 Note, as amended, and the Security Agreement, and the 7763 Note, as amended, and the Deed of Trust in the hands of its attorneys for collection and has contracted with the attorneys to pay reasonable attorneys' fees in connection with the collection.

88. Because of Bagga Enterprises' and Jamuna's failure and refusal to pay the 7764 Note, as amended, and the 7763 Note, as amended, plaintiff has been damaged, as set forth above.

89. On information and belief, Bagga Enterprises and Jamuna have disposed of numerous items of the property listed in the Security Agreement, and the Deed of Trust without the consent of plaintiff and in violation of the Security Agreement, and the Deed of Trust.

90. On information and belief, Bagga Enterprises and Jamuna will dispose of more of the property listed in the Security Agreement, and the Deed of Trust unless the Court acts to prevent such action.

91. Bagga Enterprises and Jamuna have retained the proceeds of the sales described above for their own use without accounting to plaintiff for any of the proceeds.

92. The nature of Bagga Enterprises' and Jamuna's business as a fast food restaurant is such that additional assets securing the payment of the 7764 Note, as amended, and the 7763 Note, as amended, may be disposed of by Bagga Enterprises and/or Jamuna without plaintiff's knowledge.

93. Plaintiff has no adequate remedy at law and plaintiff's only remedy is to petition this Court for assistance. Plaintiff will sustain irreparable injury unless this Court issues a temporary restraining order and temporary injunction restraining defendant from disposing of any of the property listed on the Security Agreement, and the Deed of Trust until the final hearing of this action.

94. Plaintiff further requests this Court to order Bagga Enterprises and Jamuna to file a full inventory and accounting of all property listed on the Security Agreement, and/or the Deed of Trust, including the location of the assets, the names and addresses of the purchasers of any assets, the items purchased by each, the amount received, and the disposition of the proceeds of any such sales.

WHEREFORE, plaintiff respectfully requests that:

a. A temporary restraining order be immediately granted, without notice, restraining Bagga Enterprises and Jamuna from disposing of any of the property listed in the Security Agreement, and/or the Deed of Trust until there can be a hearing on the issue of a temporary injunction;

b. A hearing be set for a temporary injunction to enjoin Bagga Enterprises and Jamuna from the above-described acts;

      c.      At the conclusion of the hearing Bagga Enterprises and Jamuna be restrained from the above-described acts until there can be a trial on the merits of this action;

      d.      Bagga Enterprises and Jamuna be ordered to render the full inventory and accounts described in Paragraph 94 at the earliest possible date; and

      e.      The Court grant such other and further relief as it deems appropriate.

_____
Kevin W. Walsh
Pa. Attorney I.D. No. 32699
Jeffrey K. Techentin
Pa. Attorney I.D. No. 81785
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
215-981-4000

Attorney for Plaintiff

Dated: May 3, 2002